ORDER
PER CURIAM:
A timely PETITION FOR REVIEW having been filed March 5, 2003 by Leigh-ton E. Reum, Lay Advocate, on behalf on defendants, from an Order issued February 7, 2003, awarding the plaintiffs $43,843.70, the Honorable Marvin You-pee, presiding, and good cause appearing therefore, the said Petition is hereby granted, the judgment in favor of plaintiffs is set aside and the matter is remanded for further proceedings as set forth below.
The facts are not in dispute. The appellants are defendants in an intra-family dispute regarding a house devised to the plaintiffs and one of the defendants, Helen Bighorn. The plaintiffs and Helen Bighorn are siblings; the house was devised to them, share and share alike by their mother. Frederick is Helen’s husband.
The facts are not in dispute. The appellants are defendants in an intra-family dispute regarding a house devised to the plaintiffs and one of the defendants, Helen Bighorn. The plaintiffs and Helen Bighorn are siblings; the house was devised to them, share and share alike by their mother. Frederick is Helen’s husband.
On or about February 7, 2000, the home was extensively damaged by fire and became uninhabitable. Frederick Bighorn received the sum of $61,381.24 from the proceeds of an insurance policy on the home. Plaintiffs did not receive any portion of those proceeds and filed a claim for them share on February 8, 2001.
The Court found that the insurance policy had been maintained for the benefit of all of the co-tenants and awarded equal shares to all of the siblings, resulting in 5/7th of the proceeds to the plaintiffs. The Court reasoned that unless the proceeds were shared equally among the co-tenants, Frederick Bighorn would be unjustly enriched. We agree. However, defendants now claim error in that the total proceeds included personal property as well as real property; that the house was not so damaged that it was “unlivable”; and that Helen Bighorn did not agree to maintain fire insurance on the house for the benefit of her siblings. We agree that the Court erred in the following:
*302 1. The Court failed to determine and state in its findings of fact the fair market value of the home immediately prior to the fire.
2. The Court failed to determine and state in its findings of fact the fair market value of the home immediately after the fire.
3. The Court failed to determine and state in its findings of fact whether the insurance proceeds were for real property only or for both real property and personal property.
IT IS NOW THEREFORE, THE ORDER OF THIS COURT THAT:
The Order of February 7, 2003, is set aside with instructions to issue a new and different order which includes findings of fact noted as missing in paragraphs 1, 2, and 3, supra. If the Court finds that the insurance proceeds included both real and personal property, the personal property portion thereof shall be awarded only to the owners thereof. If the Court finds that the Insurance policy itself allocates coverage between real and personal property, the Court may take that finding into account in its award.